[Cite as *State v. Santiago*, 2015-Ohio-4073.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 102280

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## DAVID SANTIAGO, III

### DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED IN PART AND
### REVERSED IN PART

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-588032-A

**BEFORE:** E.A. Gallagher, P.J., S. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 1, 2015

**ATTORNEY FOR APPELLANT**

John Toth
The Law Office of John Toth
766 Park Avenue
Amherst, Ohio 44001


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Kristin Karkutt
        Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, P.J.:

**{¶1}** Defendant-appellant David Santiago appeals from his sentences imposed in the Cuyahoga County Common Pleas Court. Santiago argues that the trial court committed plain error in failing to inquire into whether his offenses constituted allied offenses of similar import. Santiago also argues that the trial court erred in imposing consecutive sentences. For the following reasons, we affirm in part, and reverse, in part.

**{¶2}** Santiago pled guilty to one count each of rape, gross sexual imposition, failure to comply and attempted inducing panic. The trial court imposed prison sentences of ten years to life for rape, two years for gross sexual imposition, one year for failure to comply and six months for attempted inducing panic. The trial court ordered the sentences for rape, gross sexual imposition and failure to comply to be served consecutively to each other for cumulative sentence of 13 years to life.

**{¶3}** In his first assignment of error, Santiago argues that the trial court erred in failing to consider, sua sponte, whether his convictions for rape and gross sexual imposition were allied offenses of similar import. Santiago failed to raise the issue of allied offenses at sentencing and, therefore, has forfeited all but plain error. *State v. Rogers*, Slip Opinion No. 2015-Ohio-2459, ¶ 3. Santiago has the burden to "demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus * * *." *Id.*

**{¶4}** Santiago concedes that the record lacks sufficient facts to demonstrate that his rape and gross sexual imposition offenses were allied. Instead, he relies on this

court's decision in *State v. Rogers*, 2013-Ohio-3235, 994 N.E.2d 499 (8th Dist.), which was overruled by the Ohio Supreme Court in *State v. Rogers*, Slip Opinion No. 2015-Ohio-2459, for the proposition that the trial court's failure to, sua sponte, inquire into potentially allied counts constituted plain error. Santiago's reliance on that case is misplaced because the Ohio Supreme Court held that:

> [A]n accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; and, absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.

*Id.* at ¶ 3.

{¶5} Santiago has failed to carry his burden pursuant to *Rogers* and his first assignment of error is overruled.

{¶6} In his second assignment of error Santiago argues that the trial court failed to make the required findings pursuant to R.C. 2929.14(C)(4) prior to imposing consecutive sentences.

{¶7} R.C. 2929.14(C)(4) requires a trial court to engage in a three-step analysis before it imposes consecutive sentences. First, the court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id*. Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id*. Third, the trial court must find that at least one of the following applies:

(a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense;

(b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; [or]

(c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶8} The court must make the statutory findings as stated above at the sentencing hearing and incorporate those findings into its sentencing entry. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. Although the trial court was not required to use "talismanic words," it must be clear from the record that it actually made the findings required by statute. *Id.* at ¶ 37.

{¶9} In this instance, the trial court made findings relating to the need to protect the public, Santiago's history of criminal behavior and the fact that Santiago's crimes were so great or unusual that a single term would not adequately reflect the seriousness of the conduct. However, the record does not contain any language that could reasonably be construed to satisfy the requirement that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." The trial court's sentencing entry is similarly deficient.

Therefore, the trial court erred in imposing consecutive sentences without making the required findings. *See*, *e.g.*, *State v. Marneros*, 8th Dist. Cuyahoga Nos. 101872 and 101873, 2015-Ohio-2156 (reversing consecutive sentences due to the trial court's failure to make a proportionality finding). Santiago's second assignment of error is sustained.

**{¶10}** In light of our resolution of Santiago's second assignment of error, his third assignment of error, wherein he argues that his consecutive sentences violate the Equal Protection Clause of the United States and Ohio Constitutions, is moot.

**{¶11}** The judgment of the trial court is affirmed, in part, and reversed, in part.

**{¶12}** We vacate Santiago's consecutive sentences and remand this matter to the trial court for resentencing. *See Bonnell* at ¶ 30, 37. On remand, the trial court shall consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and if so, shall make the required statutory findings on the record at resentencing, and incorporate its findings into the subsequent sentencing entry.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., CONCURS
SEAN C. GALLAGHER, J., DISSENTS (WITH SEPARATE OPINION)


SEAN C. GALLAGHER, J., DISSENTING:

{¶13} I respectfully dissent from the majority's resolution of the consecutive sentences issue. It can be discerned from the record that all the findings were made in support of the order imposing sentences to be served consecutively. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. In the final sentencing entry, the trial court codified its findings: "consecutive sentences are given because of defendant's criminal history, the nature of the offense, to protect the public and the offender's relationship with the victim facilitated the offense." Thus, as the majority noted, the only finding not specifically addressed was whether consecutive service of the sentences was disproportionate to the seriousness of the offender's conduct. At sentencing the trial court found that "the crimes committed were so great or unusual that a single term would not adequately reflect the seriousness of the [offender's] conduct."

{¶14} I believe the court's finding resolves both R.C. 2929.14(C)(4) (disproportionate finding) and R.C. 2929.14(C)(4)(b) (great-or-unusual finding) findings. If no single term adequately reflects the seriousness of the offender's conduct, then,

logically, the consecutive service of prison sentences is not disproportionate to the offender's conduct. In *State v. Duhamel*, 8th Dist. Cuyahoga No. 102346, 2015-Ohio-3145, ¶ 53, a panel of this court concluded that the trial court's finding that:

> consecutive sentences are necessary to protect the public from future crimes and to punish you. They're not disproportionate to the seriousness of [your] conduct and danger you pose. I do find that this was part of a course of conduct inasmuch as, again, as I indicated, happened on June 10th, June 24th, June 25th, June 29th, July 1st

satisfied the same findings involved in the current case. Notably absent was any mention of the great-or-unusual verbiage. *Id.* If the disproportionate finding satisfied the great-or-unusual one in *Duhamel*, then the converse must be equally true.

{¶15} *Bonnell* allows this court to affirm the imposition of consecutive service of prison terms if it can "discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings." I would, therefore, affirm the conviction. It can be discerned from the record that trial court engaged in the proper analysis, but failed to simply enunciate the precise finding being made. *Bonnell* dicates that reviewing courts not require a rote recitation of the findings; therefore, the trial court's finding satisfied both the disproportionate and the great-or-unusual findings as required under R.C. 2929.14(C)(4). Further, Santiago only challenges the lack of findings and not whether the record supports those findings. As a result, I must dissent. I would affirm the conviction.