[Cite as *State v. Daniels*, 2017-Ohio-548.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NO. C-160203 |
| | | TRIAL NO. B-1405711 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| JABRIEL DANIELS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 17, 2017

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ravert J. Clark*, for Defendant-Appellant.

**CUNNINGHAM, Judge.**

{¶1}   Jabriel Daniels appeals from the judgment of the Hamilton County Court of Common Pleas convicting him, after guilty pleas, of robbery and kidnapping.  He argues that he was convicted of allied offenses of similar import and, therefore, the trial court committed plain error by failing to merge the convictions as required by R.C. 2941.25.  Because Daniels failed to demonstrate plain error, we affirm.

### Background Facts and Procedure

{¶2}   Daniels was originally indicted for aggravated robbery, robbery, aggravated burglary, and four counts of kidnapping, all with accompanying firearm specifications.   He pleaded guilty to one reduced charge of robbery under R.C. 2911.02(A)(2), with a three-year firearm specification, and one count of kidnapping under R.C. 2905.01(A)(2), with a one-year firearm specification.

{¶3}   The parties agreed that Daniels would be sentenced to two years' imprisonment on the robbery count, plus three years for the firearm specification, and three years' imprisonment on the kidnapping count, plus one year for the firearm specification, all to be served consecutively, for an aggregate term of nine years.

{¶4}   At sentencing, the court asked Daniels if there was any reason why he should not be sentenced in accordance with the plea agreement.  His counsel replied, "No."  The court then asked Daniels if he wanted to address the court, and Daniels said, "No."  Subsequently, the trial court imposed the agreed sentence.  Daniels now appeals.  In his sole assignment of error, he contends that the trial court committed plain error by failing to merge his convictions for robbery and kidnapping.

## Merger Analysis

{¶5} R.C. 2941.25 governs the merger of allied offenses. R.C. 2941.25 provides:

(A) Where the same conduct of the defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶6} Merger is an issue that arises at sentencing and that the defendant bears the burden on; it is not "an additional burden of proof shouldered by the state" in obtaining a determination of guilt. *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, ¶ 18, citing *State v. Mughni*, 33 Ohio St.3d 65, 67, 514 N.E.2d 870 (1987).

{¶7} When reviewing the defendant's claim that there are allied offenses of similar import that merge into a single conviction under R.C. 2941.25, the trial court and the reviewing court on appeal

must first take into account the conduct of the defendant. In other words, how were the offenses committed? If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate,

identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation.

*State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 25. In summary, the defendant must show that the conduct the state relied upon resulted in offenses of similar import, committed neither separately nor with a separate animus. *See Washington* at ¶ 18; *Ruff* at ¶ 25.

{¶8} This court ordinarily reviews the trial court's R.C. 2941.25 determination de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 1. But in this case, the trial court did not make a R.C. 2941.25 determination, as the issue was not raised.

**Waiver**

{¶9} Before addressing the merits of the assigned error, we must first review the state's argument that Daniels waived appellate review of his sentence on the merger issue because the sentence imposed by the trial court was jointly recommended. It is well settled that under R.C. 2953.08(D), a sentence that has been recommended jointly by the defendant and the prosecution and imposed by a sentencing judge is not subject to appellate review if it is authorized by law. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16, cited in *State v. Williams*, 1st Dist. Hamilton No. C-150320, 2016-Ohio-376, ¶ 4.

{¶10} But in *Underwood*, the Ohio Supreme Court rejected the argument now presented by the state on the issue of waiver and jointly recommended sentences, explaining that a sentence that does not comport with all mandatory sentencing provisions, including R.C. 2941.25, the allied-offenses statute, is not authorized by law. *Underwood* at ¶ 21 and 26. Thus, absent a defendant's waiver of the protection afforded by R.C. 2941.25, a defendant has merely forfeited the allied-offenses claim for appellate review, allowing for review under a plain-error standard.

*See id.* at ¶ 31; *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 20-21.

{**¶11**} The state argues this case is distinguishable from *Underwood* because in *Underwood*, unlike in this case, the state had taken the position in a sentencing brief that the offenses were allied. But the state's acknowledgment in *Underwood* that the trial court was required to merge offenses went to the issue of whether there was error, and not the issue of waiver. *Underwood* at ¶ 30. Moreover, the Supreme Court continues to emphasize, as it did in *Underwood*, that for a defendant to be deemed to have waived the merger issue for appellate review, the waiver must be characterized as intentional and knowing, even when the defendant enters into a plea agreement. *See Rogers* at ¶ 20.

{**¶12**} Accordingly, the state's argument in support of waiver is not persuasive and we reject it. However, because Daniels failed to raise the issue in the trial court, he has forfeited all but plain error. *See* Crim.R. 52(B); *Underwood* at ¶ 31; *Rogers* at ¶ 21.

### Plain Error

{**¶13**} Under the authority of Crim.R. 52(B), this court has "discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *Rogers* at ¶ 22, quoting Crim.R. 52(B). The appellant has the burden to show plain error on the record. *Id.*, citing *Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, at ¶ 16.

{**¶14**} In the context of allied offenses, the Ohio Supreme Court has held that an appellant does not demonstrate plain error by showing only that the trial court failed to determine at sentencing whether offenses should merge under R.C. 2941.25, even though multiple offenses presented a facial question of merger. *See Rogers* at ¶ 1 and 3; *State v. Santiago*, 8th Dist. Cuyahoga No. 102280, 2015-Ohio-4073, ¶ 3.

Instead, to prevail on a claim of plain error under these circumstances, the appellant must demonstrate a prejudicial effect—a "reasonable probability" that "he has, in fact, been convicted of allied offenses of similar import committed with the same conduct and with the same animus." *Rogers* at ¶ 3 and 25; *see State v. May*, 8th Dist. Cuyahoga No. 103785, 2016-Ohio-7481, ¶ 14; *State v. English*, 8th Dist. Cuyahoga No. 101883, 2015-Ohio-3227, ¶ 10.

{¶15} According to Daniels, the application of the *Ruff* test to the facts in the instant case results in the conclusion that the robbery and kidnapping to which he admitted his guilt were allied offenses of similar import as contemplated by R.C. 2941.25(A). He contends that the guidelines for determining whether kidnapping and another offense of the same or similar kind must merge are set forth in *State v. Logan*, 60 Ohio St.2d 126, 397 N.E.2d 1345 (1979), and mirror the *Ruff* test. In *Logan*, the court stated:

(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.

*Id.* at syllabus.

{¶16} He directs this court to several portions of the record to support his claim that his convictions involved offenses that were committed with the same

6

animus. This includes the language of the amended indictment, to which he pleaded guilty as part of the plea agreement. With respect to the robbery, Daniels agreed that he had "in committing or attempting to commit a theft offense, to wit; knowingly obtained or attempted to obtain United States currency belonging to McDonald's, or fleeing immediately thereafter, inflicted or attempted to inflict physical harm [] or threatened to inflict physical harm on Tiffany Chamblin," in violation of R.C. 2911.02(A)(2).

{¶17} With respect to the kidnapping, Daniels agreed that he had "purposely, by force, threat or deception, removed Tiffany Chamblin from the place where she was found, or restrained her of her liberty, for the purpose of facilitating the commission of a felony, to wit; aggravated robbery or in flight thereafter," in violation of R.C. 2905.01(A)(2).

{¶18} Daniels also cites the bill of particulars, which provides:

On or about the 6th day of October 2014 in the vicinity of 3738 Warsaw Avenue, Hamilton County Ohio, the defendant and co-defendant * * * entered into a restricted area, not open to the public, of the McDonald's restaurant at that address, through a drive-thru window, with a firearm, with the purpose of committing a robbery offense. Their conduct caused multiple McDonald's employees on duty and inside the restaurant to flee and lock themselves in a different room in order to escape the threat of harm. Defendant and co-defendant then shot open the door to the manager's office and obtained U.S. currency.

{¶19} Finally, Daniels directs this court to his comments and those of the prosecutor during the plea hearing. At that time, Daniels stated, "I was in the same room with them, they ran themselves. I never directed anyone to any direction." In response, the prosecutor stated,

7

the defendant's actions, along with his co-defendant[']s, caused these individuals to flee for their own personal safety and lock themselves into a walk-in refrigerator. * * * And then they were stuck there because they felt threatened and they felt fearful, the fact that a firearm had been displayed; and yes, in fact no one directed them to do that. The actions of the defendant and co-defendant caused that to happen.

{¶20} Daniels argues that the separate convictions must be vacated because the application of the *Logan* guidelines demonstrates that the kidnapping was merely incidental to the robbery. Accepting without deciding Daniels's contention that the *Logan* guidelines are the equivalent of the *Ruff* test, we hold that Daniels falls short of demonstrating plain error. Daniels does not point to any facts in the record demonstrating when the restraint ended or the conditions of the restraint. Thus, he cannot show a reasonable probability that he was, in fact, convicted of allied offenses of similar import.

{¶21} This case is easily distinguishable from *State v. White*, 8th Dist. Cuyahoga No. 88491, 2007-Ohio-3080, to which Daniels cites. In *White*, the trial court merged the kidnapping and robbery offenses, because the facts, elicited after a trial, demonstrated that the defendant had removed the employees and customers to the back of a hair salon during a robbery and had restrained them there for only five to seven minutes, after which the defendant fled.

{¶22} Although there was no trial in this case, Daniels was given the opportunity to place the relevant facts on the record and make the merger argument at the sentencing hearing, which was when the litigation of allied offenses was to occur. *See* R.C. 2929.19(B) ("the court, before imposing sentence, shall consider the record, any information presented by [those identified in R.C. 2929.19(A), including the offender, the prosecuting attorney, and the victim], and, if one was prepared, the

8

presentence investigation report * * * and any victim impact statement made pursuant to section 2947.051 of the Revised Code."  R.C. 2929.19(B); *Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E2d 661, at ¶ 20.

{**¶23**}  Because Daniels has failed to demonstrate on this record a "reasonable probability" that "he has, in fact, been convicted of allied offenses of similar import committed with the same conduct and with the same animus," *Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, at ¶ 3 and 25, he has failed to demonstrate plain error.  Accordingly, we overrule his assignment of error.

### Conclusion

{**¶24**}  The judgment of the trial court is affirmed.

Judgment affirmed.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

9