[Cite as *State v. English*, 2017-Ohio-8870.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 105237

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CIERRA ENGLISH

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575406-A

**BEFORE:** Jones, J., Keough, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 7, 2017

**ATTORNEY FOR APPELLANT**

Richard H. Drucker
820 West Superior Avenue, Suite 800
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Brett Hammond
        Katherine Mullin
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant Cierra English ("English") appeals from the trial court's November 7, 2016 judgment denying her motion for a new trial. For the reasons that follow, we affirm.

## I.

{¶2} In 2013, English was charged with three counts of felonious assault. The case proceeded to a jury trial; the jury convicted her on all counts. In 2014, the trial court sentenced English to an aggregate seven-year prison term. She appealed, challenging her conviction based on the ineffective assistance of counsel, and challenging her sentence based on failure to merge allied offenses and error in imposing consecutive sentences. This court affirmed English's conviction, but found merit to her allied offense challenge and, therefore, remanded the case for merger of allied offenses. *State v. English*, 8th Dist. Cuyahoga No. 101883, 2015-Ohio-3227 ("*English I*"). In October 2015, the trial court again sentenced English to an aggregate seven-year prison term.

{¶3} In June 2016, English sought leave to file a motion for a new trial; the trial court granted her leave. Her request for a new trial, on which she sought a hearing, was based on her allegation of newly discovered evidence. In November 2016, the trial court denied English's motion for a new trial without holding a hearing. English now appeals, and in her sole assignment of error challenges the trial court's judgment denying her motion for a new trial without a hearing.

## II.

**{¶4}** The following are the facts of the case, as summarized from this court's decision in *English I*.

**{¶5}** The incident giving rise to the case occurred on May 18, 2013, when English struck the two victims, Mark Lavender ("Lavender") and Raymond Fisher ("Fisher"), with her car as they were walking through a parking lot on their way to Larry Flynt's Hustler Club, where English worked. *Id.* at ¶ 2. The incident was caught on surveillance camera; the men were struck from behind, English's car did not slow down after it hit them, and Fisher was dragged beneath the car for a short distance. *Id.* Fisher was seriously injured as a result of the incident. *Id.*

**{¶6}** The trial testimony established that English and Fisher had a romantic relationship that ended in early May 2013. *Id.* at ¶ 3. According to English, Fisher had been stalking her in the days leading up to the incident. *Id.* On May 16, all four tires on her vehicle had been slashed, and on the night of the incident, a tire on her vehicle had been slashed while she was at work and the car was parked in a parking lot across from the club. *Id.*

**{¶7}** On the night of the incident, a coworker replaced the slashed tire with a spare tire. English left the club at approximately 3:00 a.m.; she was crying and "acting a little hysterical." *Id.* Fisher and Lavender were walking in the parking lot at the same time English was leaving; the parties did not interact. *Id.*

**{¶8}** English testified that as she was leaving in her car, she saw Fisher and Lavender, and upset because of the tire slashing, she panicked upon seeing Fisher. *Id.*

According to English, the two "appeared out of nowhere in front of [her] vehicle," and she wanted to get away from Fisher. *Id.* She testified that it was never her intent to hurt them; rather, she just wanted to get away from Fisher. *Id.*

{¶9} English drove away from the scene after hitting Fisher and Lavender, and she did not seek help for them. *Id.* at ¶ 4. She initially testified that she was unaware that she had struck the men, but later admitted that she knew she hit them and had told her mother, who called the police and local hospitals in an attempt to learn about Fisher's condition. *Id.*

III.

{¶10} As mentioned, English presents one assignment of error for our review, challenging the denial of her motion for a new trial.

{¶11} We initially address a procedural issue. On June 13, 2016, counsel for English filed a motion for leave to file a motion for a new trial in the trial court. In addition to seeking leave, the motion also addressed the substantive arguments as to why a new trial should be granted. On that same day, counsel also filed "general pleading exhibits in support of motion for leave to file motion for new trial," which consisted of counsel's affidavit and the alleged new evidence upon which English based her request for a new trial. The following day, June 14, the same motion for leave to file a motion for a new trial, with the supporting exhibits, was filed.

{¶12} On September 8, 2016, the state opposed English's motion, addressing the substantive arguments she presented as to why she was entitled to a new trial. In a

judgment entry dated September 21, 2016, the trial court ruled, "defendant's motion for leave to file motion for new trial is granted.   Motion deemed filed on June 14, 2016." In a November 4, 2016 judgment, the trial court ruled, "defendant's motion for a new trial is denied.   The defendant has failed to prove that she has obtained newly discovered evidence."

{¶13} On this record, we find that English's motion for a new trial was filed and properly before the court.   Although the motion was captioned as a request for leave, it addressed the substantive ground upon which English sought a new trial, and the trial court specifically ruled that it deemed the motion for a new trial as being filed on June 14, 2006.   We therefore now address the substance of the motion.

{¶14} As mentioned, English's motion for a new trial was based on her contention that she had discovered new evidence.   Crim.R. 33 governs motions for a new trial based on newly discovered evidence.   Under Crim.R. 33(A)(6), a new trial may be granted when "new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial."

{¶15} The rule further provides that motions for new trial based on newly discovered evidence "shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived."   Crim.R. 33(B).   The rule continues stating,

> [i]f it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the

evidence within the one hundred twenty day period.

*Id.* Thus, both Crim.R. 33(A)(6) and Crim.R. 33(B) require that the newly discovered evidence could not have been discovered with due diligence.

{¶16} Further, the Ohio Supreme Court has held that to warrant a new trial based on newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before trial even with the exercise of due diligence; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach or contradict the former evidence. *State v. Petro*, 148 Ohio St.505, 76 N.E.2d 370 (1947), syllabus.

{¶17} A trial court's ruling on a motion for new trial is within its sound discretion, and will not be disturbed on appeal absent an abuse of discretion. *State v. Matthews*, 81 Ohio St.3d 375, 378, 691 N.E.2d 1041 (1998), citing *State v. Schiebel*, 55 Ohio St.3d 71, 564 N.E.2d 54 (1990), paragraph one of the syllabus. Further, a motion for a new trial does not automatically require a hearing, *Schiebel* at 83, and the decision to conduct a hearing on a motion for a new trial is addressed to the sound discretion of the court. *State v. Price*, 8th Dist. Cuyahoga No. 92096, 2009-Ohio-480, ¶ 15; *State v. Tomlinson*, 125 Ohio App.3d 13, 19, 707 N.E.2d 955 (11th Dist.1997).

{¶18} The alleged newly discovered evidence was a June 17, 2013 email sent from James and Tina Kuntz ("the Kuntzs") to the investigating detective, Detective Small. The Kuntzs were parking lot attendants, and on the evening in question, were working the

parking lot for the Diamond's Club, which was near the parking lot where English had parked her car.

{¶19} In the email, the Kuntzs told the detective that James Kuntz saw a man, later identified as Fisher, walking through the parking lot they were working, "starring at [James] like he was trying to get away with something." James saw him go onto the parking lot by the Hustler's Club. Shortly thereafter, he learned that the tires had been slashed on a car parked on the lot where he saw Fisher go.

{¶20} According to English, this new evidence possibly would have led to an aggravated assault conviction (in that she had provocation for the assault), rather than felonious assault. We are not persuaded.

{¶21} A review of the trial transcript from *English I* demonstrates that English was aware of the parking lot attendants from the Diamond parking lot. Specifically, she testified that "[o]h, and also, there was a man who placed [Fisher] in the parking lot at that time and we have that statement. It was a man that worked at the club next door, Diamonds."

{¶22} Further, English raised the issue of the Diamond's parking lot attendant in her direct appeal, contending that her trial counsel was ineffective for "failing to subpoena a witness she claims saw Fisher in the parking lot earlier in the evening [of the incident], the police officer who allegedly took the statement of the witness and a private investigator hired by English's family." *State v. English*, 8th Dist. Cuyahoga No. 101883, 2015-Ohio-3227, ¶ 6. This court rejected English's claim, however. *Id.* at ¶ 7.

**{¶23}** The evidence from the Kuntzs, therefore, is not new evidence. Moreover, even if it had been introduced at trial, we do not find that there was a strong probability that it would have resulted in a conviction of aggravated assault, rather than felonious assault. The Kuntzs' statement does not advance English's contention that English was "under the influence of sudden passion or in a sudden fit of rage" "brought on by serious provocation." R.C. 2903.12(A). According to their statement, they did not see English that evening, nor did they see Fisher slash her tires. All they saw was Fisher "acting suspiciously" as he walked through their parking lot to the Hustler's parking lot, and then they later learned that tires had been slashed.

**{¶24}** In light of the above, the trial court properly denied English's motion for a new trial, and her sole assignment of error is overruled.

**{¶25}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN T. GALLAGHER, J., CONCUR