[Cite as *State v. Burrows*, 2020-Ohio-3646.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190277 |
|  |  | TRIAL NO. B-1605335A |
| Plaintiff-Appellee, | : | |
|  |  | |
| vs. | : | *O P I N I O N.* |
|  |  | |
| CHRIS BURROWS, | : | |
|  |  | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 8, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger Kirk*, for Defendant-Appellant.

**WINKLER, Judge**.

{¶1} After entering guilty pleas, defendant-appellant Chris Burrows was convicted of several offenses and sentenced to an aggregate prison term of 15 years. He now appeals, arguing that the trial court erred by denying his presentence motion to withdraw his pleas and by imposing multiple and excessive sentences. For the reasons that follow, we affirm.

{¶2} The state co-indicted Burrows for offenses related to an armed robbery and shooting involving one victim that occurred on July 8, 2016. Burrows initially pleaded not guilty. His trial was delayed in part due the health of the victim. When the parties appeared for trial in August 2018, Burrows offered to cooperate to some degree with the state, which resulted in the state foregoing additional charges and offering a plea bargain in this case. The state agreed to dismiss some counts in exchange for Burrows's guilty pleas to aggravated robbery and felonious assault, both with three-year firearm specifications, and having weapons under a disability.

{¶3} On August 27, 2018, the trial court held a thorough change-of-plea hearing, where Burrows was told that he was facing a minimum aggregate prison term of nine years and a maximum aggregate term of 28 years. Burrows indicated that he understood the potential penalties and that no promises had been made to him. The prosecutor then read the statutory language of the offenses into the record. Defense counsel stated he had "nothing on the facts" and waived any further reading of them. The trial court found Burrows's waiver of rights to be knowing, intelligent, and voluntary, and accepted his guilty pleas. The court continued the case for sentencing.

{¶4} Nine months later, at the start of the sentencing hearing, Burrows, through counsel, orally moved to withdraw his guilty pleas. At the hearing on the motion, Burrows

claimed he had only agreed to plead guilty because defense counsel had promised a six-year sentence. Defense counsel, however, repeatedly told the court that he had not made any promises to Burrows and had explained to Burrows that only the judge could determine his sentence. The trial court recalled the plea hearing, when Burrows was told the possible sentences but did not mention a six-year term or any promises. The trial court then said, "at this point, I'm not going to let you vacate your plea."

{¶5} After denying Burrows's motion, the court proceeded to sentencing. Defense counsel sought the "minimum" sentence, citing Burrows's cooperation in the case and "strong family support." The state sought a longer term, noting both Burrows's long criminal history and the fact that he had already been given consideration for his help in the case. Burrows then addressed the court, indicating he had "made some mistakes" but was "done with everything" and "want[ed] to get back to [his] family." The court imposed the following prison sentences: nine years for the aggravated-robbery conviction and three years for the firearm specification, two years for the felonious-assault conviction and three years for the firearm specification, and three years for the weapons-under-a-disability conviction. The court ordered the sentences for the aggravated-robbery, felonious-assault, and weapons-under-a-disability convictions to be served concurrently with each other, but consecutively to the sentences for the firearm specifications, for an aggregate sentence of 15 years in prison.

## Denial of the Presentence Motion to Withdraw Pleas

{¶6} In his second assignment of error, which we address first, Burrows claims the trial court erred when it denied his presentence motion to withdraw his guilty pleas. A presentence motion to withdraw a plea should be freely granted, but a defendant does not have an absolute right to withdraw the plea. *See* Crim.R. 32.1; *State v. Xie*, 62 Ohio St.3d

521, 527, 584 N.E.2d 715 (1992). We review the trial court's denial of Burrows's motion under an abuse-of-discretion standard, applying the factors outlined in *State v. Fish*, 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist.1995). *See State v. Haywood*, 1st Dist. Hamilton No. C-130525, 2014-Ohio-2801, ¶ 5, cited in *State v. Crawley*, 1st Dist. Hamilton Nos. C-150403 and C-150422, 2016-Ohio-658, ¶ 5.

{¶7} The record does not demonstrate that the trial court abused its discretion by denying the motion. The sole basis of the motion was Burrows's claim that he had agreed to plead guilty because defense counsel had promised him a six-year sentence but counsel later said he was not sure. Defense counsel, however, denied promising a six-year sentence, and his denial was corroborated by Burrows's responses during the comprehensive change-of-plea hearing. Further, the motion, presented on the day of the sentencing hearing, which was nine months after the change-of-plea hearing and almost three years after the commission of the offenses, was not made within a reasonable time, and the state would have been prejudiced by the granting of it. The trial court seriously inquired into the reason for Burrows's request to withdraw at the hearing on the motion, but ultimately found Burrows's claim incredible and too late. On this record, Burrows has failed to show an abuse of discretion. *See Crawley* at ¶ 5; *Haywood* at ¶ 5. Consequently, we overrule the first assignment of error.

### Sentencing Issues

{¶8} Burrows challenges his sentences in his remaining two assignments of error. First, he claims the trial court committed plain error because it failed to apply R.C. 2941.25, the allied-offenses statute, to merge the aggravated-robbery and felonious-assault offenses and the two three-year firearm specifications into one conviction.

{¶9} Initially, we note that the challenged firearm specifications are penalty enhancements, not offenses, and, therefore, the punishment imposed for that conduct is not directly subject to R.C. 2941.25 analysis. *See In re D.L.*, 1st Dist. Hamilton Nos. C-170152, C-170153 and C-170154, 2018-Ohio-2161, ¶ 13. Instead, those punishments are governed by R.C. 2929.14(B)(1). And here, both firearm-specification sentences were mandatory under R.C. 2929.14(B)(1)(g), unless the underlying offenses merge.

{¶10} Under R.C. 2941.25, the aggravated-robbery and felonious-assault offenses do not merge into one conviction if one of the following is true: Burrows's conduct constitutes offenses that were "dissimilar in import or significance," including offenses that involved "separate victims" or caused "separate, identifiable harm," (2) the offenses were committed "separately," or (3) the offenses were committed with "separate animus or motivation." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 25, 26, and 31; *see State v. Earley*, 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶ 12; *State v. Ruff*, 1st Dist. Hamilton Nos. C-120533 and C-120534, 2015-Ohio-3367, ¶ 8, 17-19.

{¶11} Because Burrows failed to timely raise the issue of allied offenses of similar import in the trial court, he has forfeited all but plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 3. To show plain error based on the trial court's failure to apply the merger analysis, Burrows "must demonstrate a prejudicial effect—a 'reasonable probability' that 'he has, in fact, been convicted of allied offenses of similar import committed with the same conduct and with the same animus.' " *State v. Daniels*, 1st Dist. Hamilton No. C-160203, 2017-Ohio-548, ¶ 14, quoting *Rogers* at ¶ 3 and 25; *see State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 25; *State v. Ziegler*, 2017-Ohio-7673, 97 N.E.3d 994, ¶ 21 (1st Dist.). Burrows cannot prevail on his

plain-error claim by merely arguing that the offenses would merge if additional facts are assumed. *See, e.g., Rogers*, at ¶ 3 and 25; *Daniels* at ¶ 20-22.

{¶12} In this case, the factual basis of the offenses is not well developed. The record includes the statutory language of the offenses, contained in the indictment and read into the record by the prosecutor at the plea hearing, and the information contained in the bill of particulars. The relevant subsection of aggravated robbery provides:

(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]

R.C. 2911.01(A)(1).

{¶13} The relevant subsection of felonious assault provides:

(A) No person shall knowingly do either of the following:

(1) Cause serious physical harm to another or to another's unborn[.]

R.C. 2903.11(A)(1).

{¶14} The bill of particulars specifies that on July 8, 2016, Burrows "pointed a gun" at his victim while "demanding currency and/or personal property." The bill further specifies that Burrows "fired [the gun] at the victim, striking him in the arm and both legs."

{¶15} According to Burrows, the facts in the record show the offenses were committed with the same conduct and with same animus—to obtain the victim's property. We are not persuaded.

{¶16}  The bill of particulars and the facts read at the plea hearing indicate that the aggravating element of the aggravated-robbery offense, charged under R.C. 2911.01(A)(1), was satisfied by Burrows's conduct in displaying a deadly weapon.  This conduct was separate from his conduct of shooting the weapon, conduct that constituted the felonious assault of the victim and resulted in serious physical harm.  This circumstance distinguishes the case from *State v. Robinson*, 1st Dist. Hamilton No. C-170147, 2019-Ohio-387, in which this court found a defendant's aggravated-robbery and felonious-assault offenses merged.  In *Robinson*, the conduct establishing the aggravating element of the aggravated-robbery offense, charged under R.C. 2911.01(A)(3), was a singular but fatal gunshot. That conduct also satisfied the serious-physical-harm element of the felonious-assault offense, charged under R.C. 2903.11(A)(1), as it resulted in the victim's death.  *Robinson* at ¶ 54 and 59.

{¶17}  Further, Burrows cannot point to any facts in the record such as resistance by the victim to support his claim that he shot the victim for the sole immediate purpose of taking his property.  *See State v. Phelps*, 1st Dist. Hamilton Nos. C-150204 and C-150205, 2016-Ohio-4673, ¶ 5 and 18; *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 86-87.

{¶18}  Although this case involved pleas, Burrows had the opportunity in the trial court to place in the record the relevant facts establishing the three parts of the merger analysis, including his allegedly singular act and motive. On this record, it is reasonable for a court to conclude that Burrows did not commit the subject offenses together and with the same animus.  Thus, Burrows cannot establish plain error based on the trial court's failure to apply the merger analysis. *See Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38

N.E.3d 860, at ¶ 25-26, *Daniels*, 1st Dist. Hamilton No. C-160203, 2017-Ohio-548, at ¶ 22-23.

{**¶19**}   Next Burrows challenges the length of his sentences.  This court reviews felony sentences under the standard of review set forth in R.C. 2953.08(G)(2).  *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.2d 1231, ¶ 1; *State v. White*, 2013-Ohio-4225, 997 N.E.3d 629, ¶ 5 (1st Dist.).  We may modify or vacate a sentence only if we clearly and convincingly find that the record does not support the trial court's findings or that a sentence is otherwise contrary to law.  *See* R.C. 2953.08(G)(2).

{**¶20**}   Here, Burrows concedes the trial court was not required to make any findings to support his sentences and that the sentences fall within the statutory ranges for the offenses.  He claims, however, that the sentences are not reasonable considering the underlying facts and his cooperation.  Thus, he argues his sentences are contrary to law because the record shows the court failed to consider the provisions of R.C. 2929.11 and 2929.12 when selecting his sentences.

{**¶21**}   The trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing seriousness and recidivism factors in R.C. 2929.12 before imposing sentence.  Although the trial court did not specifically state that it had considered the referenced statutes, the court is generally presumed to have done so.  *See State v. Hendrix*, 1st Dist. Hamilton Nos. C-150194 and C-150200, 2016-Ohio-2697, ¶ 51; *Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, at ¶ 68.  Nothing in our record rebuts that presumption.

{**¶22**}   Here, the trial court imposed the maximum prison term for the weapons offense, but a less-than-maximum term for the aggravated robbery, and the minimum term for the felonious assault.  The court was required to impose the three-year terms for

the firearm specifications. The underlying facts show that Burrows had robbed the victim at gun point and also shot him in the arm and legs. Further, Burrows had a lengthy criminal history that included violent crimes, and he was on parole at the time of the offenses. The trial court accurately explained that Burrows was a "dangerous man" with an "awful record" "full of violence" and he had already received "quite a bit of consideration" for his cooperation because the state had dismissed some charges and had opted not to charge him with further crimes. Consequently, there is nothing in the record to rebut the presumption that the trial court properly considered the provisions of R.C. 2929.11 and 2929.12 when sentencing Burrows. Thus, there is no basis to find that the sentences are clearly and convincingly contrary to law.

{¶23} Accordingly, we overrule the first and third assignments of error.

### Conclusion

{¶24} In summary, we hold that the trial court did not abuse its discretion by denying Burrow's presentence motion to withdraw his guilty pleas, and the court did not err in sentencing Burrows. Therefore, we affirm the trial court's judgment.

Judgment affirmed.

**MOCK, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

9