[Cite as *State v. Hettmansperger*, 2014-Ohio-4306.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

ASHTABULA COUNTY, OHIO


STATE OF OHIO,                          :       **O P I N I O N**

        Plaintiff-Appellee,          :

     - vs -                                    :       **CASE NO. 2014-A-0006**

NICKOLAUS HETTMANSPERGER,    :

        Defendant-Appellant.       :


Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2012 CR 578.

Judgment: Affirmed.


*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Malcolm Stewart Douglas*, 55 North Chestnut Street, Jefferson, OH 44047 (For Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Nickolaus Hettmansperger, appeals his sentence by the Ashtabula County Court of Common Pleas following his guilty plea to one count of aggravated assault and one count of tampering with evidence. For the reasons that follow, we affirm.

{¶2} On September 3, 2012, an altercation occurred among Joseph Hunt, Darren Tackett, and appellant. During the course of the altercation, appellant shot

Joseph Hunt. After the shooting, appellant disposed of the firearm by throwing it into the Ashtabula River.

{¶3} On September 5, 2012, a criminal complaint was filed against appellant with the Ashtabula Municipal Court. The complaint stated that appellant "did knowingly cause or attempt to cause physical harm to Joseph Hunt, by means of a deadly weapon or dangerous ordnance; to-wit: a .22 caliber pistol." The case was then bound over to the Ashtabula County Grand Jury.

{¶4} On October 17, 2012, appellant was indicted by the Ashtabula County Grand Jury for two counts of felonious assault and a single count of tampering with evidence. The first count of felonious assault alleged a violation of R.C. 2903.11(A)(1), while the second count alleged a violation of R.C. 2903.11(A)(2). R.C. 2903.11 states, in pertinent part, that:

> No person shall knowingly do either of the following:
>
> Cause serious physical harm to another or to another's unborn;
>
> Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

Both of the felonious assault counts included firearm specifications. Pursuant to R.C. 2903.11(D)(1)(a), felonious assault is a felony of the second degree.

{¶5} On March 18, 2013, a change of plea hearing was held by the Ashtabula County Court of Common Pleas. At the hearing, appellant withdrew his not guilty pleas and entered a plea of guilty to one count of aggravated assault, in violation of R.C. 2903.12(A)(2), a felony of the fourth degree; and one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree. Appellant's change of

plea was signed by appellant, appellant's attorney, and Margaret A. Draper for appellee, the state of Ohio.

{¶6} At the change of plea hearing, both sides gave their respective version of the events that transpired on September 3, 2012. Appellee stated it could prove that appellant traveled to a residence in Ashtabula with $500 to purchase narcotics. Next, appellee stated that Hunt and Tackett attempted to rob appellant of his money, and in the course of that altercation, appellant shot Hunt. Appellee also stated it could prove that appellant admitted to disposing of the firearm by throwing it over the bridge at the Mary Street Hill. Efforts by FBI divers to locate the weapon were unsuccessful.

{¶7} Appellant stated that he shot Hunt because he and Tackett were attempting to steal his money. In response to questioning by the trial court judge, appellant denied that the altercation resulted from a drug deal gone wrong. Appellant also told the court that the firearm used in the altercation was "just a little .22."

{¶8} On December 31, 2013, the trial court held its sentencing hearing. At sentencing, appellant again gave his version of the events, stating:

> I was getting robbed. Darren Tackett came up behind me and hit me. That's when I pulled out the firearm. What happened was Joe Hunt was robbing me. Darren Tackett came behind me. Me and Joe Hunt were fist fighting. Darren Tackett came up behind me, hit me in the back of the head. I pulled out the gun, fired the firearm, got in the vehicle, left. I was scared, threw the gun in the water. And that's exactly what happened.

Appellant repeated his position that there was no attempted drug deal and that he acted merely out of self defense.

{¶9} At the sentencing hearing, both appellant and appellee recommended that appellant be sentenced to a one-year period of incarceration, to be served concurrently

with appellant's present incarceration of nine months.[1] Appellee noted that this period of incarceration was recommended "due to the history of the alleged victim in the case, Mr. Hunt, and the other witness, who was Darren Tackett." The court then reminded appellee that a firearm was involved, stating:

> [The firearm] was brandished, which carries a mandatory three-year firearm specification, so were -- you know, there's just some point we've got to put a stop to this nonsense; that somehow we'll have to shoot a bad guy, it's not quite as bad as shooting some innocent citizen.

{¶10} The trial court sentenced appellant to 18 months in prison for aggravated assault and 18 months in prison for tampering with evidence. The trial court ordered that the sentences be served consecutively, for a total of 36 months, and that they run consecutively to the prison sentence that appellant was already serving. The court's judgment entry declared that the court had considered the purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. 2929.12.

{¶11} Appellant timely appeals the trial court's judgment of sentence. Because both of appellant's assignments of error challenge the propriety of his sentence, we consolidate them for review. Appellant's assignments of error state:

> [1.] The trial court abused its discretion and erred to the prejudice of appellant by sentencing him to thirty-six months of imprisonment, in that said prison sentence is excessive for the purposes set forth in [R.C.] 2929.11(A) and (B), and is not necessary to protect the public.

> [2.] The trial court abused its discretion to the prejudice of appellant by imposing consecutive maximum sentences when consideration of the factors in [R.C.] 2929.12 tended to favor a lesser sentence.

---

1. Appellant was previously sentenced to nine months of imprisonment in Ashtabula County Court of Common Pleas case No. 2013 CR 115 for passing bad checks.

4

**{¶12}** Ohio's felony-sentencing scheme allows judges to exercise discretion within established statutory bounds. *State v. Ries*, 11th Dist. Portage No. 2008-P-0064, 2009-Ohio-1316, ¶13, citing *State v. Mathis*, 109 Ohio St.3d 54 (2006), paragraph three of the syllabus. Despite having significant latitude, sentencing courts are required to follow statutory direction in choosing a prison term. *State v. Belew*, __ Ohio St.3d __, 2014-Ohio-2964, ¶10 (Lanzinger, J., dissenting).

**{¶13}** In 2006, based on precedent of the United States Supreme Court, the Ohio Supreme Court struck down portions of Ohio's sentencing statutes. *See generally State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. In *State v. Kalish*, a plurality of the Ohio Supreme Court set forth a two-step analysis to use when reviewing felony sentences: (1) whether the trial court adhered to all applicable rules and statutes in imposing the sentence and (2) whether a sentence within the permissible statutory range constitutes an abuse of discretion. 120 Ohio St.3d 23, 2008-Ohio-4912, ¶26.

**{¶14}** In 2009, the United States Supreme Court upheld the ability of trial court judges to make findings of fact before imposing consecutive sentences. *Oregon v. Ice*, 555 U.S. 160, 163 (2009). After the United States Supreme Court's decision in *Ice*, the Ohio General Assembly passed Am.Sub.H.B. No. 86 ("H.B. 86"). H.B. 86 reflects the General Assembly's intent that appellate review of sentences be governed by R.C. 2953.08(G). R.C. 2953.08(G)(2) states:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not

5

whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

Accordingly, this court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals.

{¶15} We begin our review of appellant's sentence by addressing the court's imposition of consecutive sentences. The trial court ordered that appellant's two, 18-month prison sentences be served consecutively with each other, for a total of 36 months. The trial court also ordered appellant's sentence to run consecutively to the prison sentence that appellant was already serving.

{¶16} A court must make certain factual findings before imposing consecutive sentences. *State v. Cornelison*, 11th Dist. Lake No 2013-L-064, 2014-Ohio-2884, ¶27. Pursuant to R.C. 2929.14(C)(4), consecutive sentences may be imposed if the court finds:

> [1.] the consecutive service is necessary to protect the public from future crime or to punish the offender; and

> [2.] consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.

{¶17} In addition, the trial court must also find that any of the following apply to the offender being sentenced:

> The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

6

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶18} In this case, the trial court made the findings necessary to support imposition of consecutive sentences. At appellant's sentencing hearing the trial court stated that appellant has "an extensive criminal record. You have what? 23 pages here from Ashtabula Municipal Court." Additionally, in its judgment entry of sentence, the trial court states it "finds that the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public." Accordingly, we find no error in the trial court's findings in support of the imposition of consecutive sentences.

{¶19} In addition to challenging the trial court's imposition of consecutive sentences, appellant also argues that his sentence was excessive and contrary to the purposes of felony sentencing. A felony sentence should be reasonably calculated "to protect the public from future crime by the offender * * * and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). A court imposing a felony sentence is required to consider seriousness and recidivism factors found in R.C. 2929.12. However, it is well established that a trial

7

court "is not required to make findings of fact under the seriousness and recidivism factors in R.C. 2929.12." *State v. ONeil*, 11th Dist. Portage No. 2010-P-0041, 2011-Ohio-2202, ¶34. At appellant's sentencing hearing, the trial court stated:

> The Court has considered the following sentencing factors: pursuant to R.C. 2929(D) - - excuse me, 2929.12(B)(2), that the victim suffered serious physical harm; pursuant to 2929.12(D)(2), that the Defendant has a history of criminal convictions, he's presently serving a prison sentence; pursuant to 2929.12(D)(4), the Defendant has a pattern of drug abuse that is related to the offense and has previously refused treatment.

{¶20} Additionally, in its judgment entry of sentence, the trial court stated:

> The Court has considered the record, oral statements, any victim impact statement, the presentence report, the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. 2929.12, the overriding purposes of felony sentencing, including protection of the public from future crime by the offender and others and punishment of the offender, using the minimum sanctions that the Court determines accomplish those purposes without imposing an unnecessary burden on the state or local government resources.

> Pursuant to R.C. 2929.12(B)(2), the Court finds that the victim of the offense suffered serious physical harm as a result of the offense.

> Pursuant to R.C. 2929.12(D)(2), the Court finds that the Defendant has a history of criminal convictions and is presently serving a prison sentence imposed by the Honorable Ronald W. Vettel in Ashtabula County Court of Common Pleas Case Number 2013 CR 115.

> Pursuant to R.C. 2929.12(D)(4), the Court finds that the Defendant has demonstrated a pattern of drug abuse that is related to the offense and the Defendant has refused treatment.

{¶21} Our review of the trial court record reveals the trial court considered the purposes and factors of felony sentencing in R.C. 2929.11 and R.C. 2929.12 before imposing appellant's sentence. Accordingly, we see no error with appellant's sentence.

8

{¶22} As neither of appellant's assignments of error are well taken, the sentence of the Ashtabula County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.