[Cite as *State v. Purtilo*, 2015-Ohio-2985.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2015-L-003** |
| - vs - | : | |
| ROBERT J. PURTILO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 13 CR 000963.

Judgment: Reversed and remanded.

*Charles E. Coulson*, Lake County Prosecutor, and *Alana A. Rezaee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*J. Charles Ruiz-Bueno,* Charles Ruiz-Bueno Co., LPA, 36130 Ridge Road, Willoughby OH 44094 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Robert J. Purtilo appeals from the judgment entry of the Lake County Court of Common Pleas, sentencing him to three years imprisonment for the illegal manufacture of drugs. The trial court ran this sentence consecutively to the sentences imposed on Mr. Purtilo by the Ashtabula County Court of Common Pleas for similar crimes. Mr. Purtilo contends the trial court erred by failing to make the required findings

for a consecutive sentence under R.C. 2929.14(C)(4).  We agree, and reverse the judgment of the trial court, and remand for resentencing.

{¶2}   April 4, 2014, the Lake County Grand Jury returned an indictment in two counts against Mr. Purtilo: count one, illegal manufacture of drugs in violation of R.C. 2925.04, a second degree felony, with an attendant forfeiture specification; and count two, illegal assembly or possession of chemicals for the manufacture of drugs, in violation of R.C. 2925.041, with an attendant forfeiture specification.  Mr. Purtilo was brought for arraignment from the Ashtabula County Jail April 25, 2014, and entered a written plea of not guilty, further waiving his right to appear at his arraignment, reading of the indictment, and any defects in service.  He posted a personal recognizance bond. Discovery practice ensued.

{¶3}   June 24, 2014, a change of plea hearing was held.  Mr. Purtilo pled guilty to count one of the indictment, and its attendant forfeiture specification.  On motion of the state, the trial court nolled the remaining count.  Sentencing hearing was held immediately.   Violations of R.C. 2925.04 carry a mandatory three year term of imprisonment.  The state argued that Mr. Purtilo's sentence should be consecutive to that for his Ashtabula County crimes, which is four years.  Mr. Purtilo argued the sentences should be concurrent.  The trial court imposed the minimum three year sentence, but ran it consecutively to the Ashtabula County sentence.  The sentence was memorialized in a judgment entry filed June 30, 2014.

{¶4}   January 7, 2015, Mr. Purtilo noticed leave to file a delayed appeal, App.R. 5(A), which this court granted March 11, 2015.  Mr. Purtilo assigns a single error: "The trial court committed prejudicial error by sentencing Defendant-Appellant to a sentence

that was contrary to law as it was consecutive to a term of imprisonment imposed by another court, and made without the requisite findings." In support of this assignment of error, Mr. Purtilo asserts the trial court failed to make the findings required by R.C. 2929.14(C)(4) when imposing consecutive sentences.

{¶5} "[T]his court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals." *State v. Hettmansperger*, 11th Dist. Ashtabula No. 2014-A-0006, 2014-Ohio-4306, ¶14. R.C. 2953.08(G) provides, in pertinent part:

{¶6} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶7} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶8} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶9} "(b) That the sentence is otherwise contrary to law."

{¶10} R.C. 2929.14(C)(4) governs the imposition of consecutive felony sentences. It provides:

3

{¶11} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶12} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶13} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶14} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶15} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37, the court held:

{¶16} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to

4

state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry."

{¶17} Failure to make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate them in the judgment entry of sentence renders the sentence contrary to law. *See, e.g.*, *id.*

{¶18} In this case, the trial court did not set forth any R.C. 2929.14(C)(4) findings in its judgment entry of sentence. If it had made the findings on the record at hearing, this could be corrected by a nunc pro tunc entry. *Bonnell* at ¶30-31.

{¶19} At hearing, the trial court stated it had considered the overriding purposes of felony sentencing, including the need to protect the public from future crime and to punish the offender. It further told Mr. Purtilo that his manufacture of drugs could kill people, including himself. We could imply from this the trial court made part of the initial finding required by R.C. 2929.14(C)(4) – that consecutive sentences are necessary to protect the public or to punish the offender. But the trial court did not discuss the proportionality of consecutive sentences regarding the seriousness and danger posed by Mr. Purtilo's conduct, which *Bonnell* demands. *Id.* at ¶33-34. Further, the trial court made none of the additional findings required under R.C. 2929.14(C)(4)(a), (b), or (c). Consequently a nunc pro tunc judgment entry will not suffice to correct the error: the sentence is contrary to law. *Bonnell* at ¶37.

{¶20} The assignment of error has merit.

5

{¶21} The judgment of the Lake County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.