[Cite as *State v. Barajas-Anguiano*, 2018-Ohio-3440.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2017-G-0112 |
| DANIEL S. BARAJAS-ANGUIANO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 2016 C 000147.

Judgment: Affirmed in part, reversed in part, and remanded.

*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Eric C. Nemecek*, 1360 East Ninth Street, Suite 650, Cleveland, OH 44114 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Daniel Barajas-Anguiano, appeals his sentence for Endangering Children. The issue before this court is whether a trial court may impose consecutive sentences for crimes committed in separate cases where the court did not make an express finding regarding the harm suffered by the victim in the separate case. For the following reasons, we affirm in part, reverse in part, and remand this case for the trial court to issue a new sentencing entry.

{¶2} On August 25, 2016, the Geauga County Grand Jury returned an Indictment against Barajas-Anguiano charging him with five counts of Rape, felonies of the first degree in violation of R.C. 2907.02(A)(1)(b); one count of Gross Sexual Imposition, a felony of the third degree in violation of R.C. 2907.05(A)(4); one count of Endangering Children, a felony of the second degree in violation of R.C. 2919.22(B)(1) and (E)(2)(d); and one count of Displaying Matter Harmful to Juveniles, a misdemeanor of the first degree in violation of R.C. 2907.311(A).

{¶3} On September 9, 2016, Barajas-Anguiano entered a plea of not guilty to the charges.

{¶4} On December 27, 2016, Barajas-Anguiano was sentenced in Geauga County Court of Common Pleas Case No. 16-C-0012 following convictions for Gross Sexual Imposition and Voyeurism involving his biological daughter. Barajas-Anguiano received an aggregate prison term of 58 months for the charges in that case.

{¶5} On January 10, 2017, Barajas-Anguiano entered a written plea of guilty to Endangering Children as charged in the Indictment. At the change of plea hearing, the State proffered the following:

> I believe that we would have been able to prove that * * * his biological son was isolated by Mr. Barajas-Anguiano, he was neglected by him to the point where he was suicidal. He spoke about committing suicide. Mr. Barajas-Anguiano has choked him and handed him a knife and said, go ahead and do it, and quit talking about it and kill yourself. The young man is 15 years of age

at this point * * * and is now living in a children's home and attending therapy and has been for quite some time.

{¶6} On February 22, 2017, a sentencing hearing was held. Counsel for Barajas-Anguiano argued that the majority of the charges in the Indictment had no basis in fact, "these sex offenses did not happen," although conceding "he had some sexual interaction with his daughter, and he admitted that."

{¶7} The victim in the present case, Barajas-Anguiano's biological son, addressed the court and detailed physical, sexual, and psychological abuse. After being committed to a youth center for being suicidal, his sister "made the allegation of abuse against my dad" and family services took custody. The victim explained further: "And me and my sister got split up. So I feel like I don't have a family either. I love my sister, but just feel neutral toward her. I can't even trust my sister because of what happened to me."

{¶8} The prosecutor urged the court to impose a prison sentence to be served consecutively with the sentence in the case involving Barajas-Anguiano's daughter: "The fact that you have two separate victims, the prior case involving his daughter, this case involving his son, does demonstrate that in fact that the harm caused was so great that consecutive sentences are necessary in this case."

{¶9} In pronouncing sentence, the trial court stated that it had "reviewed the presentence investigation, both the one associated with 16C12, as well as the one associated with this case, 16C147," and "letters from the victim, and letters from various other people." These included letters from the victim's sister, his primary case worker,

3

his independent living coordinator, the sister's foster parents, and a police officer assigned to the case.

**{¶10}** The court made the following findings:

> I find that a consecutive sentence is necessary to protect the public from future crime and to punish the offender.
>
> I find that a consecutive sentence is not disproportionate to the seriousness of the conduct and that the danger that the defendant poses to the public.
>
> I find that the acts you committed were a course of conduct, and that the harm that was caused to your victim, that a single term does not adequately reflect the seriousness of that conduct.

**{¶11}** The court ordered Barajas-Anguiano to serve a prison sentence of 72 months consecutively with the sentence in Case No. 16-C-0012.

**{¶12}** On February 28, 2017, Barajas-Anguiano's sentence was memorialized in a Judgment of Conviction.

**{¶13}** On March 27, 2018, Barajas-Anguiano filed a Notice of Appeal. On appeal, Barajas-Anguiano raises the following assignments of error:

**{¶14}** "[1.] The trial court erred when it imposed consecutive sentences without making the required findings pursuant to R.C. § 2929.14(C)(4)."

**{¶15}** "[2.] The trial court's findings under R.C. § 2929.14(C)(4) are not supported by the record."

**{¶16}** "[3.] The trial court violated Barajas' constitutional right to due process by imposing a sentence that exceeds the statutory maximum."

4

**{¶17}** The Ohio Revised Code provides, in relevant part, as follows regarding consecutive felony sentences:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶18} Under R.C. 2929.14(C)(4), a sentencing court is required to make three distinct findings in order to require an offender to serve consecutive prison terms: (1) that consecutive sentences are "necessary to protect the public from future crime or to punish the offender"; (2) that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; (3) "and * * * also" that one of the circumstances described in subdivision (a) to (c) is present.

{¶19} In reviewing a felony sentence, "[t]he appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2). The failure to make the required findings to impose consecutive sentences at the sentencing hearing renders the sentence contrary to law. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 36-37.

{¶20} There are two preliminary matters to consider before addressing the assignments of error.

{¶21} First, the State argues that, by failing to object to the imposition of consecutive sentences at the sentencing hearing, Barajas-Anguiano has forfeited his right to challenge his sentence absent plain error. Barajas-Anguiano counters that

6

failing to make the requisite findings under R.C. 2929.14(C)(4) renders the sentence contrary to law which is plain error. Barajas-Anguiano's position has been adopted by this court. *State v. Dickerson*, 11th Dist. Ashtabula No. 2013-A-0046, 2015-Ohio-938, ¶ 64. We note that the Ohio Supreme Court has recently reversed the imposition of consecutive sentences where the sentencing court failed to make the requisite findings in the absence of an objection as well as plain error analysis, suggesting that the issue of whether an offender objects to imposition of consecutive sentences is irrelevant for the purposes of reviewing the imposition of consecutive sentences. *State v. Beasley*, __ Ohio St.3d __, 2018-Ohio-493, __ N.E.3d __, ¶ 269-280 (DeWine, J., concurring in part and dissenting in part). Inasmuch as we find no error in the imposition of consecutive sentences in the present case, the issue is one we need not resolve.

{¶22} Second, Barajas-Anguiano points out that the sentencing entry states that he "committed one or more of the multiple offenses while [he] was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense," none of which is accurate.[1] The State concedes that this finding is not supported by the record. Accordingly, we remand this case for the limited purpose of having the trial court issue a new sentencing entry omitting the finding that Barajas-Anguiano satisfied the conditions of R.C. 2929.14(C)(4)(a).

{¶23} Barajas-Anguiano argues that the trial court failed to make proper findings under R.C. 2929.14(C)(4)(b). The court failed to find that he "committed two (2) or more *separate offenses* that constituted a 'course of conduct,'" but, rather, found that "the acts [he] committed were a course of conduct." Acknowledging that "acts" as used by

---

1. No such finding was made by the trial court at the sentencing hearing.

7

the court could refer to "multiple offenses," Barajas-Anguiano argues such a conclusion is precluded by the fact that "the court's focus was entirely on the offense that [he] committed against [his son]" and it failed to "mention or discuss the conduct at issue in Case No. 16 C 12 or the resultant harm to the victim in that proceeding (*i.e.* [his daughter])." Appellant's brief at 15-16. Stated otherwise, "[b]y focusing solely on Barajas' conduct against [his son], which resulted in a conviction for a single count of Endangering Children, the trial court failed to make a determination that Barajas committed multiple offenses constituting a course of conduct sufficient to justify the imposition of consecutive sentences under R.C. § 2929.14(C)(4)(b)." Reply brief at 4.

{¶24} We hold that the trial court's findings were sufficient to satisfy the requirements of R.C. 2929.14(C)(4)(b). With respect to this subsection, the trial court stated at the sentencing hearing: "the acts you committed were a course of conduct, and that the harm that was caused to your victim, that a single term does not adequately reflect the seriousness of that conduct."[2] Admittedly, the court referred to "acts" rather than "multiple offenses" and included a reference to the harm "caused to your [Barajas-Anguiano's] victim." "However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29; *State v. Hairston*, 10th Dist. Franklin No. 17AP-416, 2017-Ohio-8719, ¶ 7 ("appellate courts

---

2. The trial court's February 28, 2017 Judgment of Conviction more precisely reflects that statutory language: "at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

8

have been 'fairly deferential to the trial court' in reviewing R.C. 2929.14(C)(4) challenges and will determine the trial court made the requisite findings if reasonably able to 'glean' such findings from the record") (citation omitted); *State v. Elmore*, 2016-Ohio-890, 60 N.E.3d 794, ¶ 51 (7th Dist.) ("post-*Bonnell,* we may liberally review the entirety of the sentencing transcript to discern the findings").

**{¶25}** In the present case, it is readily discernible that the trial court engaged in the correct analysis and its findings are supported by the record. The issue of whether Barajas-Anguiano's prison sentence for Endangering Children in the present case would be served consecutively with the sentences for Gross Sexual Imposition and Voyeurism in Case No. 16-C-0012 was argued directly before the court by both the defense and the prosecution. It is not reasonable to interpret the court's use of the word "acts" as referring to conduct for which Barajas-Anguiano was not convicted and for which no sentence was imposed. At this point in the hearing the court was stating its findings to support the imposition of consecutive sentences.

**{¶26}** Barajas-Anguiano would also have this court interpret the reference to "your victim" to mean that the trial court only considered the harm caused to his son, without any regard for the harm caused by the acts of Gross Sexual Imposition and Voyeurism committed against his daughter, and imposed the consecutive sentences to circumvent the eight-year maximum sentence for Endangering Children, i.e., that the court believed that the harm solely caused by the Endangering Children merited a prison term beyond the eight-year maximum. Such an interpretation, however, is not supported by the record of the proceedings.

{¶27} It would be exceedingly difficult to disentangle the harm caused to the two victims in this case and to their sibling relationship as Barajas-Anguiano suggests the court did. The trial court stated that it considered both the pre-sentence investigation report from the case involving the daughter as well as the letters including those written by the daughter and her foster parents. These letters were also included in the pre-sentence investigation report for the present case. The son's own testimony before the court at sentencing likewise bore witness to how he was harmed by Barajas-Anguiano's conduct in Case No. 16-C-0012: as a result of his sister's allegations he and his sister were "split up" and their sibling relationship effectively destroyed.[3]

{¶28} Assuming, arguendo, that the trial court focused solely on the harm caused the son in the present case, we find no error. It had already been determined in Case No.16-C-0012 that the harm caused the daughter was sufficient to impose consecutive sentences based on the multiple charges in that case. Nothing the court could do in sentencing Barajas-Anguiano for the crime against his son would invalidate the finding of harm in the companion case, and the court described the acts underlying the charges in both cases as "a course of conduct." Thus, it was not necessary for the court to find that the harm suffered by each victim individually was so great or unusual that a single prison term would be inadequate to reflect the seriousness of his conduct.

{¶29} The assignments of error are without merit.

{¶30} For the foregoing reasons, Barajas-Anguiano's sentence for Endangering Children is affirmed in part, reversed in part, and this case is remanded with instructions

---

3. The import of this harm should not be underestimated inasmuch as the siblings' mother is deceased and their father along with the step-mother perpetrated the abuse. For practical purposes, brother and sister were the family unit and Barajas-Anguiano's crimes were against a family as much as against distinct individuals. Barajas-Anguiano misspeaks by referring to Case No. 16-C-0012 as an "unrelated proceeding." Reply brief at 7.

for the trial court to issue a new sentencing entry consistent with this opinion. Costs to be taxed against appellant.

THOMAS R. WRIGHT, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶31} The majority finds appellant's assignments of error without merit. For the reasons stated, I respectfully dissent.

{¶32} In his first assignment of error, appellant argues the trial court erred in imposing consecutive sentences without making the required R.C. 2929.14(C)(4) findings. In his second assignment of error, appellant asserts the trial court's findings under R.C. 2929.14(C)(4) are not supported by the record. Because both assignments challenge appellant's consecutive sentence, I will address them together.

{¶33} "'(T)his court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals.' *State v. Hettmansperger,* 11th Dist. Ashtabula No. 2014-A-0006, 2014-Ohio-4306, ¶14. R.C. 2953.08(G) provides, in pertinent part:

**{¶34}** "'(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

**{¶35}** "'The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

**{¶36}** "'(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶37}** "'(b) That the sentence is otherwise contrary to law.'

**{¶38}** "R.C. 2929.14(C)(4) governs the imposition of consecutive felony sentences. It provides:

**{¶39}** "'(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

12

**{¶40}** "'(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶41}** "'(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶42}** "'(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.'

**{¶43}** "In *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37, the court held:

**{¶44}** "'In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.'

**{¶45}** "Failure to make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate them in the judgment entry of sentence renders the sentence contrary

to law. *See, e.g., id.*" *State v. Purtilo*, 11th Dist. Lake No. 2015-L-003, 2015-Ohio-2985, ¶5-17.

**{¶46}** The presumption in Ohio is that sentencing is to run concurrent, unless the trial court makes the required findings for imposing consecutive sentences set forth in R.C. 2929.14(C)(4). *State v. Wells,* 8th Dist. Cuyahoga No. 98428, 2013-Ohio-1179, ¶11; R.C. 2929.41(A). "The imposition of consecutive sentences in Ohio is thus an exception to the rule that sentences should be served concurrently. And there is no doubt that the provisions of H.B. 86, like those of S.B. 2 before it, were intended, among other things, to alleviate overcrowding in the prison system." *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶15.

**{¶47}** "Pursuant to R.C. 2929.41(A), therefore, the trial court has the duty to make the statutory findings when imposing consecutive sentences, even when one of the terms had already been imposed in a separate proceeding in an unrelated case." *State v. Howard*, 8th Dist. Cuyahoga No. 100094, 2014-Ohio-2176, ¶44. A trial court's failure to make the statutorily-required findings under R.C. 2929.14(C) constitutes plain error. *State v. Hargrove*, 10th Dist. Franklin No. 15AP-102, 2015-Ohio-3125, ¶5.

**{¶48}** At the sentencing hearing, appellant did not wish to say anything prior to sentencing. Appellant's counsel, however, advised the court that appellant had a difficult childhood and that his experiences have translated into an unorthodox way of dealing with his children. Also, the victim in this case, M.B., took the podium and spoke to the court.

**{¶49}** M.B. indicated the following: he was 15 and a half years old at the time of sentencing; M.B. was abused by appellant beginning at six years old; appellant would

14

pay M.B. for sex; the sexual abuse lasted around two years; physical and mental abuse happened later and lasted about five years; M.B. was rarely allowed to take showers or wash his clothes; M.B. was ridiculed at school and lost friends; M.B. did not feel safe; M.B. felt exposed and vulnerable; M.B. had trouble sleeping and was diagnosed with PTSD; in 2015, M.B. made 16 suicide attempts in three days and was told by appellant to "just do it" as it would be one less mouth to feed; things have gotten better for M.B. after he was sent to Ohio Guidestone in 2016; however, M.B. has a hard time trusting people, has anxiety, and blames appellant; and M.B. asked the court to give appellant the maximum sentence. (Sentencing T.p. 7-11).

{¶50} Thereafter, the trial court stated the following:

{¶51} "THE COURT: Thank you. Okay. Mr. Barajas Anguiano, the Court has considered the purposes and principals of felony sentencing under Revised Code 2929.11, as well as the seriousness and recidivism factors under 2929.12, including the seriousness of your conduct and the factors which make your conduct more serious, as well as factors which may make your conduct less serious.

{¶52} "I specifically find that under 2929.12, some of the factors which make the conduct more serious, which occurred in this case, is that the injury to the victim was exacerbated by his age.

{¶53} "I further find that the victim suffered serious physical and emotional harm and psychological harm. And I find that your relationship with the victim facilitated the offense.

{¶54} "I have reviewed the presentence investigation, both the one associated with 16C12, as well as the one associated with this case, 16C147.

15

{¶55} "I have also reviewed letters from the victim, and letters from various other people. I have reviewed the plea agreement. I have listened to the statement from your counsel, and I have reviewed the entire record in this case.

{¶56} "I order a prison sentence, and I am going to impose a prison sentence of 72 months. I do find that this will be consecutive to the sentence imposed under Case No. 16C12.

{¶57} "I find that a consecutive sentence is necessary to protect the public from future crime and to punish the offender.

{¶58} "I find that a consecutive sentence is not disproportionate to the seriousness of the conduct and that the danger that the Defendant poses to the public.

{¶59} "I find that the acts that you committed were a course of conduct, and that the harm that was caused to your victim, that a single term does not adequately reflect the seriousness of that conduct.

{¶60} "I understand you had a difficult childhood, but you are the adult in this case. And you have admitted to leaving your son out of the family. You have admitted to the serious punishment, and I have seen nothing in any of the evidence to show you to be supportive of your son.

{¶61} "In addition to your sentence, you will be subject to post release control. You will be subject to a three year post release control term under Revised Code 2967.28." (Sentencing T.p. 14-16).

{¶62} In its February 28, 2017 sentencing entry, the trial court stated:

{¶63} "Pursuant to R.C. 2929.14(C)(4), the Court finds that consecutive sentences are necessary to protect the public from future crime or to punish [t]he

16

offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and that, pursuant to R.C. 2929.14(C)(4)(a), the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense, and that pursuant to R.C. 2929.14(C)(4)(b), at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." (Sentencing Entry pp. 2-3).

{¶64} The trial court's ordering of appellant's sentence in this case to be served consecutively to the sentence imposed in Case No. 16 C 000012 does not alter or affect the court's duty to make the requisite statutory findings. *Howard, supra,* at ¶44. There is no dispute that the trial court made the findings in R.C. 2929.14(C)(4), relating to protecting the public, punishing appellant, and whether the sentence was disproportionate. The court stated these findings at the sentencing hearing and in the sentencing entry. The issue, then, is whether the court made the necessary finding under R.C. 2929.14(C)(4)(a)-(c).

{¶65} At the sentencing hearing, it appears the trial court relied upon R.C. 2929.14(C)(4)(b) as the basis for imposing consecutive sentences by stating: "I find that the acts that you committed were a course of conduct, and that the harm that was caused to your victim, that a single term does not adequately reflect the seriousness of

17

that conduct."[4] (Sentencing T.p. 15-16). The court did not make reference to either of the other factors set forth in that statutory section at the sentencing hearing, R.C. 2929.14(C)(4)(a) or (c).[5]

{¶66} Although R.C. 2929.14(C)(4)(a) was not referenced by the trial court at the sentencing hearing, it was cited by the court in its sentencing entry: "[P]ursuant to R.C. 2929.14(C)(4)(a), the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense[.]" (Sentencing Entry p. 2).

{¶67} There is no additional information provided in the entry to support the court's foregoing conclusory statement. It is undisputed that appellant was not under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, nor was he under post-release control at the time of the offense. In fact, the state concedes that R.C. 2929.14(C)(4)(a) does not apply to appellant's situation.

{¶68} This writer additionally points out that there is no explanation as to why the court failed to consider this factor, or even determine that it applied, during the sentencing hearing. The trial court's failure to make a required finding regarding R.C. 2929.14(C)(4)(a) at the time of imposing sentence cannot be cured by a subsequent entry. *Bonnell, supra,* at ¶30. The record does not support the court's determination that consecutive sentences are justified under R.C. 2929.14(C)(4)(a).

---

1. The sentencing entry contains a similar conclusion regarding R.C. 2929.14(C)(4)(b).

2. The court also made no reference to R.C. 2929.14(C)(4)(c), "[t]he offender's history of criminal conduct," in its sentencing entry.

**{¶69}** Regarding R.C. 2929.14(C)(4)(b), as stated, the trial court determined that consecutive sentences were justified at the sentencing hearing: "I find that the acts that you committed were a course of conduct, and that the harm that was caused to your victim, that a single term does not adequately reflect the seriousness of that conduct." (Sentencing T.p. 15-16). This conclusion is also memorialized in the court's sentencing entry: "[P]ursuant to R.C. 2929.14(C)(4)(b), at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." (Sentencing Entry pp. 2-3).

**{¶70}** The record fails to establish the trial court's determination that appellant committed two or more separate offenses that constituted a course of conduct as required by R.C. 2929.14(C)(4)(b). The court never expressly stated that appellant had been convicted of multiple offenses. *See State v. St. John*, 11th Dist. Lake No. 2015-L-133, 2017-Ohio-4043, ¶44 ("a trial court makes a sufficient 'course of conduct' finding if, at some point during the sentencing hearing, the court notes that the defendant has been found guilty of multiple offenses that had the necessary temporal relationship.")

**{¶71}** The record reveals that the court's focus was on the offense in this case that appellant committed against M.B. The court did not mention or discuss the conduct and harm to L.B. in Case No. 16 C 000012. Rather, the court's only reference to Case No. 16 C 000012 was the following: "I have reviewed the presentence investigation, both the one associated with 16C12, as well as the one associated with this case,

19

16C147." (Sentencing T.p. 15). The court did not make any assertion that a temporal relationship existed between the offense at issue in this case and the offenses in Case No. 16 C 000012.

{¶72} A trial court does not err if it clearly explains that its R.C. 2929.14(C)(4)(b) finding is reliant upon the fact that a defendant's conduct harmed two or more separate victims. *See State v. English*, 8th Dist. Cuyahoga No. 101883, 2015-Ohio-3227, ¶22. In the case at bar, however, the court throughout the sentencing hearing repeatedly used the term "victim" in the singular tense in discussing the applicability of R.C. 2929.14(C)(4)(b). The state even points out in its appellate brief that "[t]he trial court may have stumbled over its words a bit when it referenced the harm caused to the victim, rather than victims, when making the statutory finding under subsection (C)(4)(b)[.]" (State's Brief p. 8) The record reveals the court's determination that appellant engaged in a course of conduct was predicated only upon its consideration of the acts against M.B., a singular victim. Although consecutive sentences for offenses committed against a single victim may be justified in some circumstances, the same cannot be said where, as here, a defendant is only convicted of a single offense against a single victim.

{¶73} There is no doubt that appellant's behavior was appalling. However "a reviewing court may not imply a statutorily required finding that does not appear in the record simply because the facts of the case are particularly appalling." *State v. Farnsworth*, 7th Dist. Columbiana No. 12 CO 10, 2013-Ohio-1275, ¶11. While "magic language" is not required, the trial court's findings regarding the R.C. 2929.14(C)(4)(a)-(c) factors must be distinct and explicit. In this case, as addressed, they were not. The

20

court's deficiency renders appellant's sentence contrary to law. *See Purtilo, supra,* at ¶17; *State v. Skaggs*, 11th Dist. Lake No. 2015-L-024, 2016-Ohio-1160, ¶44.

**{¶74}** Appellant's first and second assignments of error have merit.

**{¶75}** In his third assignment of error, appellant contends the trial court erred in imposing a consecutive sentence that exceeds the maximum.

**{¶76}** Given this writer's determination that this case must be reversed and remanded for resentencing, as addressed in appellant's first and second assignments of error, appellant's sentencing contention contained in his third assignment is moot. *See* App.R. 12(A)(1)(c); *State v. Gleason*, 10th Dist. Franklin No. 03AP-135, 2003-Ohio-6110, ¶24, 28-30 (holding that because the trial court erred in imposing consecutive sentences without making the required statutory findings and that the matter must be reversed and remanded for resentencing, the appellant's remaining maximum sentence argument was rendered moot).

**{¶77}** For the foregoing reasons, because this humble writer finds merit in appellant's first and second assignments of error, I would reverse the trial court's judgment and remand for further proceedings.

**{¶78}** I respectfully dissent.