[Cite as *State v. Stevens*, 2022-Ohio-3781.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

SAM R. STEVENS, JR.,

        Defendant-Appellant.

CASE NO. 2021-L-105

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 000302

**O P I N I O N**

Decided: October 24, 2022
Judgment: Affirmed

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp,* Lake County Public Defender, and *Melissa A. Blake,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant- Appellant).

JOHN J. EKLUND, J.

{¶1}    Appellant, Sam Stevens, Jr., appeals the trial court's imposition of maximum sentences, consecutive sentences, and indefinite sentences.

{¶2}    Appellant is sixty years old, and has been diagnosed with bipolar disorder, schizophrenia, and paranoia. Appellant also claims to be an alcoholic, who started drinking again after his wife's recent death.

{¶3} On October 2, 2020, the Eastlake Police Department was notified of Appellant's vehicle being driven erratically. The peace officers pursued Appellant, but he did not stop until he crashed into another vehicle.

{¶4} The two peace officers approached the vehicle and ordered Appellant to step out of the vehicle. When Appellant refused to step out, one of the peace officers deployed his taser on Appellant. Appellant then armed himself with a firearm and fired five rounds initiating a shoot-out. One of Appellant's shots struck a peace officer in his ballistic vest. Neither peace officer was seriously wounded. They then arrested Appellant.

{¶5} As a result of his vehicle crashing, Appellant required immediate medical aid and was transported to a hospital on the same day. Appellant required surgery due to his injuries, resulting in him losing a portion of his leg, and sustaining severe intestinal damage.

{¶6} On April 9, 2021, Appellant was indicted on fourteen counts. Appellant pled not guilty to all counts.

{¶7} On July 28, 2021, the court held a change of plea hearing. As part of a plea agreement, Appellant pled guilty to five counts, and the remaining counts were dismissed.

{¶8} At the change of plea hearing, Appellant plead guilty to: count three, attempted murder, pursuant to R.C. 2923.02, with firearm specifications of three years pursuant to R.C. 2941.145 (specification concerning use of firearm to facilitate offense), five years pursuant to R.C. 2941.146 (specification concerning discharge of firearm from motor vehicle), and seven years pursuant to R.C. 2941.1412 (discharging firearm at peace officer or corrections officer); count four, attempted murder, pursuant to R.C.

2

2923.02, with firearm specifications of three years pursuant to R.C. 2941.145 (specification concerning use of firearm to facilitate offense), five years pursuant to R.C. 2941.146 (specification concerning discharge of firearm from motor vehicle), and seven years pursuant to R.C. 2941.1412 (discharging firearm at peace officer or corrections officer); count eight, resisting arrest, pursuant to R.C. 2921.33(C)(1), with firearm specifications of three years pursuant to R.C. 2941.145 (specification concerning use of firearm to facilitate offense), and seven years pursuant to R.C. 2941.1412 (discharging firearm at peace officer or corrections officer); count ten, improperly handling firearms in a motor vehicle, pursuant to R.C. 2923.16(B), with a contraband/instrumentalities forfeiture specification pursuant to R.C. 2941.1417 (specification concerning forfeiture of property) and R.C. 2981.04 (specification concerning forfeiture); and count twelve, failure to comply with order or signal of police officer, pursuant to R.C. 2921.331(B).

{¶9}   On July 28, 2021, the court held a sentencing hearing. The court sentenced Appellant to eleven to sixteen years imprisonment for count three with an additional seven years for the firearm specification; eleven to sixteen years for count four with an additional seven years for the firearm specification; eighteen months for count eight with an additional seven years for the firearm specification; eighteen months for count ten; and thirty-six months for count twelve.

{¶10}  At the sentencing hearing, the court stated that "I've considered all aspects of 2929.11, 2929.12, 2929.13, and 2929.14 and it's just not, it's just not activity that can ever be tolerated."

{¶11}  On the same day, the court ordered Appellant to serve all prison terms consecutively. To impose consecutive sentences, the court stated that:

3

I have imposed a consecutive sentence in this case because the consecutive sentence is necessary to protect the public from future crime by you as demonstrated by the past and for the appropriate punishment and it is not disproportionate to the seriousness of your conduct and the danger that you pose to the public. And the two offenses, at least two of the offenses, the attempted murder counts in this case which were committed as part of one or more courses of conduct and the harm caused by at least two of these offenses was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of your conduct as well as the fact that your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by you.

{¶12} Following the sentence order, Appellant objected to the maximum sentences imposed, the consecutive sentences imposed, and the indefinite sentencing.

{¶13} "FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT'S ORDER OF MAXIMUM SENTENCES PURSUANT TO R.C. 2929.12 WAS NOT SUPPORTED BY THE RECORD."

{¶14} Appellant first contends that his sentence is contrary to law because the trial court failed to consider mitigating factors under R.C. 2929.12(C)(4), such as his mental illnesses, in sentencing.

{¶15} R.C. 2929.12 grants discretion to a court that imposes a sentence to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11.

{¶16} In relevant part, R.C. 2929.12(C)(4), states:

(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

4

(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

Under R.C. 2953.08(G)(2), the appellate court may modify a sentence if it clearly and convincingly finds that the record does not support the sentencing court's findings under *division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code* or that the sentence is otherwise contrary to law.

{¶17} Thus, when a party makes a challenge that a sentence under R.C. 2929.12(C)(4) is contrary to law because it is not supported by the record, we have no authority to review or modify the sentence because it is not one of the enumerated sentencing statutes that are susceptible to review under the "record does not support" standard. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649.

{¶18} Rather, a sentencing court fulfills its duty when it states that it has considered the factors under R.C. 2929.11 and R.C. 2929.12. *State v. DeLuca*, 11th Dist. Lake No. 2020-L-089, 2021-Ohio-1007, ¶ 18. The trial court did so here.

{¶19} Appellant asserts that the factors pursuant to R.C. 2929.12 should have been weighed differently. Specifically, Appellant claims that the trial court "ignored or discounted" his mental illnesses as mitigating factors making his offenses less serious under R.C. 2929.12(C)(4). Yet, "nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Deluca* at ¶ 42.

{¶20} Here, the court stated that it considered the factors under R.C. 2929.12. Thus, the court fulfilled its duty. *Id.* at ¶ 18.

5

Case No. 2021-L-105

{¶21} Appellant's first assignment of error is without merit.

{¶22} "SECOND ASSIGNMENT OF ERROR: THE TRIAL COURT'S ORDER OF CONSECUTIVE SENTENCES FOR AN AGGREGATE MINIMUM OF FORTY-NINE YEARS AND A MAXIMUM TERM OF FIFTY-FOUR AND ONE-HALF YEARS PURSUANT TO 2929.14(C) WAS NOT SUPPORTED BY THE RECORD."

{¶23} When ordering consecutive sentences for multiple offenses, a trial court is required to make three statutory findings. R.C. 2929.14(C)(4).

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a-c).

{¶24} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state

6

reasons to support its findings." *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177,16 N.E.3d 659, ¶ 37.

**{¶25}** While the trial court is not required to state exact reasons supporting its findings, the record must contain a clear basis upon which a reviewing court can determine that the sentencing court's findings for imposing consecutive sentences are supported by the record. *Id.* at ¶ 27-28.

**{¶26}** Appellant contends that the record does not support the consecutive sentences imposed.

**{¶27}** Unlike R.C. 2929.12, R.C. 2929.14 is enumerated in R.C. 2953.08(G)(2)(a), which allows us to review whether the consecutive sentences are supported by the record.

**{¶28}** Here, the trial court made the statutory findings pursuant to R.C. 2929.14(C)(4) that the consecutive sentences are: 1) necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; 2) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; and 3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

Case No. 2021-L-105

{¶29} We review each statutory finding accordingly to determine whether the trial court's record at the sentencing hearing clearly and convincingly does not support the findings pursuant to R.C. 2929.14(C)(4).

{¶30} First, we review the finding that consecutive sentences are necessary to protect the public from future crime or to punish Appellant and are not disproportionate to the seriousness of his conduct and to the danger he poses to the public.

{¶31} The court's record reflects it considered that the underlying offense was Appellant's third crime involving a firearm in the past ten years. Appellant was previously convicted for using weapons while intoxicated and aggravated menacing. The aggravated menacing conviction involved a dispute between Appellant and an apartment worker, in which Appellant pointed a gun at an apartment employee and caused an altercation with the police. Considering the past crimes, the record supports the findings that consecutive sentences are necessary to protect the public from future crime.

{¶32} The record also supports the findings that consecutive sentences are necessary to punish Appellant and are not disproportionate to the seriousness of his conduct and to the danger he poses to the public. To support these findings, the court stated that Appellant continuously created dangerous situations on the day of the incident and escalated the situation. For example, the court noted that Appellant put an innocent civilian in danger when he hit the civilian's vehicle, causing it to roll and totaling the vehicle. The court also noted that Appellant's conduct was serious because he initiated a shoot-out with two peace officers. Lastly, the court found that Appellant poses a danger to the public because the shooting occurred in "a small neighborhood full of houses with small lots where shots are going all over the place * * * so you created a dangerous

8

situation not only to all the police officers who showed up there but the entire street." Thus, we cannot clearly and convincingly find that the record does not support the findings that consecutive sentences are necessary to punish Appellant and are not disproportionate to the seriousness of his conduct and to the danger he poses to the public.

{¶33} The court next found that "at least two of the offenses, the attempted murder counts in this case which were committed as part of one or more courses of conduct and the harm caused by at least two of these offenses was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of your conduct."

{¶34} To support these findings, the court considered that firing at peace officers was committed as a course of conduct and the harm caused was so great or unusual. To support this, the court considered that the two peace officers involved in the shooting were seriously impacted by the incident, and that the victim impact statements reflect that the officers are traumatized from the event. Therefore, we cannot clearly and convincingly find that the record does not support these findings.

{¶35} Lastly, the court found that Appellant's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by you." As stated above, the court relied on Appellant's pre-sentence investigation and considered that the underlying crime was his third in the past ten years involving a firearm.

{¶36} In addition to our review under R.C. 2953.08(G)(2)(a), we may also increase, reduce, otherwise modify, or vacate the sentence and remand the matter to the

Case No. 2021-L-105

sentencing court for resentencing if it clearly and convincingly finds that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2)(b). A sentence is otherwise contrary to law when the court fails to make the required findings for consecutive sentences. *State v. Barajas-Anguiano*, 11th Dist. Geauga No. 2017-G-0112, 2018-Ohio-3440, ¶ 19.

**{¶37}** Appellant offers nothing to suggest his sentence is otherwise contrary to law and limited his evidence to whether the record supports it. Therefore, we cannot clearly and convincingly find the sentences otherwise contrary to law.

**{¶38}** But, we also cannot clearly and convincingly find that the record does not support the findings pursuant to R.C. 2929.14(C)(4).

**{¶39}** Appellant's second assignment of error is without merit.

**{¶40}** Appellant's third through seventh assignments of error challenge the constitutionality of R.C. 2967.271, the Reagan Tokes Law. Specifically, Appellant argues that the Reagan Tokes Law is ripe for review, is void for vagueness, violates the separation of powers, violates his right to a trial by jury, and violates due process rights.

**{¶41}** The Ohio Supreme Court recently held that the Reagan Tokes Law is ripe for review in *State v. Maddox*, Slip Opinion No. 2022-Ohio 764.

**{¶42}** In assignments of error four through seven, Appellant makes several challenges to the constitutionality of the Reagan Tokes Law. Based on this District's recent holdings in *State v. Reffitt*, 11th Dist. Lake Case No. 2021-L-129, 2022-Ohio-3371, and *State v. Joyce*, 11th Dist. Lake Case No. 2021-L-006, 2022-Ohio-3370, the challenges that Appellant advances against the constitutionality of the Reagan Tokes Law have previously been overruled. Appellant does not advance any novel argument left unaddressed by our prior decisions.

Case No. 2021-L-105

{¶43} Pursuant to the above authorities, Appellant's challenges to the constitutionality of the Reagan Tokes Law are overruled. Appellant's third through seventh assignments of error are without merit.

{¶44} The judgment of the Lake County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.